# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIRHAS ZEDINGLE,<br><br>                                   Petitioner,<br><br>        v.<br><br>KRISTI NOEM, Secretary, Department of Homeland Security; TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement (ICE); PAM BONDI, Attorney General of the United States; GREGORY ARCHAMBEAULT, Director, San Diego Field Office, Immigration and Customs Enforcement; CHRISTOPHER J. LAROSE, Warden Otay Mesa Detention Center,<br><br>                                   Respondents. | Case No.:  26cv0100 DMS SBC<br><br>**ORDER GRANTING PETITION** |

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondents filed a return to the Petition, and Petitioner filed a reply.  After considering the parties' briefs, the relevant legal authority and record, the Court grants the Petition.

Petitioner Tirhas Zedingle is a native of Eritrea, (Pet. ¶ 2), who entered the United States as a refugee on April 2, 1990.  (Decl. of Ramon Meraz in Supp. of Return ¶ 4.)  On

26cv0100 DMS SBC

September 2, 1993, Petitioner was convicted of grand theft in violation of California Penal Code § 487.1. (*Id.* ¶ 5.) On November 20, 1998, Petitioner was convicted of perjury in violation of California Penal Code § 118(a) and welfare fraud in violation of California Welfare and Institutions Code § 10980(c)(2). (*Id.* ¶ 6.) On May 11, 1999, Petitioner was placed in removal proceedings and taken into immigration custody. (*Id.* ¶ 7.) She was released on bond on May 20, 1999. (*Id.* ¶ 8.) On August 31, 2000, Petitioner was re-detained by Immigration and Customs Enforcement ("ICE"). (*Id.* ¶ 9.) On February 1, 2001, Petitioner was ordered removed to Ethiopia, or in the alternative, to Eritrea. (*Id.* ¶ 10.) On June 21, 2002, ICE submitted a request for travel documents for Petitioner's removal to Ethiopia. (*Id.* ¶ 13.) After receiving no response, ICE resubmitted its request on July 8, 2002, and also submitted a request for travel documents to Eritrea. (*Id.* ¶ 14.) Ultimately, the efforts to remove Petitioner were unsuccessful, and on November 7, 2002, she was released from custody on her own recognizance. (*Id.* ¶ 16.) It appears Petitioner remained in the United States after that time without further incident. During her regular check in with ICE on September 4, 2025, she was re-detained, presumably to execute her removal order. (*Id.* ¶ 17.)

On January 7, 2026, Petitioner filed the present case seeking release from custody, among other things. Petitioner raises three claims. First, she claims her current detention is in violation of 8 U.S.C. § 1231(a)(6) and due process because the government has not shown her removal is reasonably foreseeable. Second, Petitioner asserts her current detention violates 8 C.F.R. § 241.13(i)(2), and therefore due process, because there is no evidence of changed circumstances that her removal is reasonably foreseeable. Third, Petitioner argues her current detention violates 8 C.F.R. § 241.4(l), and therefore due process, because the government has not shown the conditions for revoking her release have been met. Respondents do not address Petitioner's claims. They simply suggest that Petitioner's re-detention is lawful because they are "working as diligently as possible" to obtain a travel document for Petitioner's removal.

In a recent decision, *Morales Morales v. LaRose*, Case No. 25cv3859 DMS (BJW), ECF No. 8, this Court addressed an argument similar to the one Respondents raise here, namely, that the petitioner's detention was lawful because they were trying to find a third country to accept the petitioner upon his removal.  In rejecting that argument, the Court relied on another one of its previous cases, *RK v. Casey*, Case No. 25cv1926 DMS (DEB), ECF No. 33 at 2, in which the Court found this argument insufficient to show there was a significant likelihood the petitioner would be removed in the reasonably foreseeable future. The Court also cited other cases in which courts have reached the same conclusion. *Sargsyan v. Noem*, No. 25-CV-3857 JLS (JLB), 2026 WL 92044, at *3 (S.D. Cal. Jan. 13, 2026); *Sun v. Noem*, No. 3:25-CV-02433-CAB-MMP, 2025 WL 2800037, at *3 (S.D. Cal. Sept. 30, 2025) (collecting cases).

Applying the reasoning of its previous cases, the Court concludes the present Petition must, likewise, be granted.  Respondents shall release Petitioner forthwith, and subject to the terms of her previous release.  The parties shall file a status report on or before **January 30, 2026**, indicating whether Petitioner has been released.

**IT IS SO ORDERED**.

Dated:  January 23, 2026

Hon. Dana M. Sabraw
United States District Judge

3

26cv0100 DMS SBC